OPINION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| LEONEL LOPEZ-RODRIGUEZ, § <br> Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § <br> § | CIVIL ACTION NO. B-07-155 <br> (CRIMINAL NO. B-06-729) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Leonel Lopez-Rodriguez brings before the Court the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has entered a response and a Motion to Dismiss. (Doc. 19, 20). For the reasons explained below, Movant's request for relief should be DENIED and the Government's Motion to Dismiss should be GRANTED.

## ALLEGATIONS

Movant Lopez-Rodriguez alleges that his constitutional rights were violated because he received ineffective assistance of counsel, that the Sentencing Commission violated its statutory obligations by allowing United States Attorney's Offices to decide whether to implement the early disposition program, and alternatively that his status as a deportable alien results in a sentence more onerous than the sentence for an American citizen. Movant bases his ineffective assistance claim on (1) counsel's alleged failure to seek a "fast-track" reduction; (2) counsel's alleged failure to seek a sentence "outside" of the Guidelines under 18 U.S.C. 3553(a)(2)(D); (3) counsel's alleged ineffective assistance during Movant's plea and at sentencing. He requests for the Court to re-

sentence him to a sentence between 18 and 24 months for the alleged violations of law.

## BACKGROUND

On August 29, 2006, Lopez-Rodriguez pleaded guilty in the Southern District of Texas, Brownsville Division, to illegal re-entry after deportation and after having committed an aggravated felony in violation of 8 U.S.C. §§ 1326 (a) and (b). (Cr. Doc. 10). There was no written plea agreement. On December 7, 2006, District Judge Hilda G. Tagle sentenced him to 60 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and a $100 special assessment. (Cr. Doc. 19). On October 9, 2007, Lopez-Rodriguez timely filed the instant motion. (Doc. 1). The Court has jurisdiction over the matter pursuant to 28 U.S. C. § 2255.

## DISCUSSION

### *I. Lopez-Rodriguez is procedurally barred from raising the issues herein on collateral attack because he failed to raise them on direct appeal.*

Once a defendant fails to file an appeal, a court may presume that he stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982). This means that a movant who seeks collateral review after failing to raise an issue on direct appeal must show 1) cause for his procedural default, and 2) actual prejudice arising from the errors of which he now objects. *Frady*, 456 U.S. at 167-168; *United States v. Willis,* 273 F.3d 592, 595 (5th Cir. 2001).

The cause and actual prejudice standard requires a movant to show that some "external impediment" prevented him from raising the claim. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991); *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Bagwell v. Dretke,* 372 F.3d 748, 756 (5th Cir. 2004). Because the movant must establish both cause and actual prejudice, the failure to satisfy either prong moots further discussion. *See Barrientes v. Johnson,* 221 F.3d 741, 769 (5th Cir. 2000).

Lopez-Rodriguez did not make a direct appeal. He makes no showing of an external impediment that prevented him from raising his current claims on appeal, and therefore cannot prove cause and prejudice. *Bagwell*, 372 F.3d at 756. Moreover, he has not alleged any constitutional error that would result in a complete miscarriage of justice. *See, e.g., Bousley v. United States*, 523 U.S. 614, 626 (1998) (holding that a complete miscarriage of justice arises if the defendant is actually innocent of the crime for which he was convicted); *United States v. Sorrels*, 145 F.3d 744, 749 n.3 (5th Cir. 1998). Further, as explained below, the claims he raises have no merit and therefore Movant cannot show that actual prejudice resulted from the alleged illegal sentence. Thus, Lopez-Rodriguez's habeas claim is procedurally barred.

## II. *Movant's ineffective assistance of counsel claims fail.*

Lopez-Rodriguez claims that his trial counsel was ineffective for failing to seek a "fast-track" reduction and for failing to seek a sentence "outside" of the Guidelines under 18 U.S.C. 3553(a)(2)(D). Movant further alleges that counsel was ineffective during Movant's plea and at sentencing. However, Lopez-Rodriguez cannot satisfy either prong of *Strickland*'s ineffective assistance of counsel test and his claims fail.

### a. Ineffective assistance of counsel — standards

The Supreme Court announced the constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, in *Strickland v. Washington.* 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel, a movant must demonstrate that 1) counsel's performance was deficient; and 2) the deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687; *Smith v. Robbins,* 528 U.S. 259, 289 (2000). In order to demonstrate that his attorney's performance

was constitutionally deficient, a movant must show that counsel's representation "fell below an objective standard of reasonableness." *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In doing so, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

The second prong requires a showing that counsel's deficient performance prejudiced his defense. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. A reasonable probability is enough probability to undermine confidence in the outcome. *Id.* In *Lockhart v. Fretwell*, the Supreme Court further elaborated on *Strickland*'s prejudice prong, holding that a court's analysis must not focus merely on outcome determination but also on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell,* 506 U.S. 364, 370 (2004); *see Williams v. Taylor,* 529 U.S. 362, 393 n. 17 (2000); *Young v. Dretke,* 365 F.3d 616, 625 (5th Cir. 2004).

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to establish one prong renders moot an examination of its counterpart. *Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d

202, 210 (5th Cir. 1994).  Thus, failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot an examination of the issue of prejudice.  *United States v. Hall,* 455 F.3d 508, 516 (5th Cir. 2006); *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990).  Conversely, where there is an insufficient showing of prejudice, it is unnecessary to consider whether counsel's performance was deficient.  *Strickland,* 466 U.S. at 697; *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

### b. Lopez-Rodriguez's Counsel was not constitutionally ineffective for failing to seek a "fast-track" reduction.

In reviewing a lawyer's performance at trial, the court must be highly deferential to counsel's assistance.  *Strickland*, 466 U.S. at 687-91.  The Sixth Amendment focuses on the adversarial process; if counsel is a reasonably effective advocate, he meets his constitutional burden irrespective of his client's evaluation of his performance.  *United States v. Cronic*, 466 U.S. 648, 657 (1984).

Here, a deferential approach shows that Movant's counsel engaged the adversarial process and rules out ineffective assistance of counsel.  Movant argues that if counsel had sought a fast-track reduction he would have received a downward departure.  However, the Guidelines' fast-track provision grants a sentencing court the authority to depart downward *"upon motion of the Government."*  *See* U.S.S.G. § 5K3.1 (emphasis added).  Lopez-Rodriguez's lawyer cannot be ineffective for the Government's discretionary decision not to present a motion for downward departure.  Movant's counsel had no authority to seek such a departure, and any argument by counsel regarding a downward departure would have been fruitless.  A lawyer cannot commit error by failing to raise a meritless argument, and prejudice cannot result from the failure of an attorney to raise such an argument.  *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

5

  **c.**  **Lopez-Rodriguez's counsel was not constitutionally ineffective for failing to seek a sentence outside of the Guidelines.**

Lopez-Rodriguez's argument that counsel was ineffective for failing to seek a sentence outside the Guidelines based on 18 U.S.C. § 3553(a)(2)(D) is equally unavailing. Section 3553(a) lays out what a court should consider in determining the particular sentence imposed; sub-section (a)(2)(D) refers to the need for the sentence imposed to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2)(D). Construing Lopez-Rodriguez's motion liberally, he seems to argue that counsel was ineffective for failing to argue that his status as a deportable alien ineligible for certain Bureau of Prisons programs was a mitigating factor deserving of a non-Guidelines sentence.[1] *See* Pet's 2255 Motion at 5. However, a defendant's particular sentence is entirely based on the discretion of the sentencing judge.

Further, the argument Lopez-Rodriguez claims counsel should have made in order to seek a non-Guidelines sentence is unavailing. Lopez-Rodriguez essentially argues that his status as a deportable alien qualifies him for a non-Guidelines sentence. As explained below, this argument is without merit. Again, a successful claim of ineffective assistance of counsel cannot be based on an attorney's failure to raise a fruitless argument. *See United States v. Kimler*, 167 F.3d 889, 892

---

[1] Under the post-*Booker* advisory system, a sentencing court may, in its discretion, enter a sentence within the applicable Guidelines range or it may enter a "non-Guidelines" sentence. *See Mares v. United States*, 402 F.3d 511, 519 (5th Cir. 2005). A guidelines sentence includes a sentence subject to a "departure," as allowed by the Guidelines. *Id.* at 519, n.7. A sentencing judge may issue a sentence outside of the applicable guideline range, i.e. a "non-Guidelines" sentence, for reasons such as aggravating or mitigating circumstances relating to personal characteristics of the defendant, his offense conduct, his criminal history, relevant conduct or other facts specific to the case at hand which led the court to conclude that the sentence imposed was fair and reasonable. *Id.* at 519.

(5th Cir. 1999). There is no attorney error, and Movant cannot show that his sentence would have been different had his counsel raised Movant's proposed argument for a non-Guidelines sentence. *Id.* His ineffective assistance claim cannot succeed on this ground.

### d. Lopez-Rodriguez's counsel was not constitutionally ineffective during his plea or sentencing hearings.

Movant argues simply that "he did in fact receive ineffective assistance of counsel, during his plea and sentencing hearings." *See* Pet's 2255 Mot. at 3. He alleges no supporting facts and the record refutes his bare allegations. At re-arraignment Lopez-Rodriguez confirmed to the court that he had discussed the charges with his attorney and his attorney answered questions and gave advice about the case. Lopez-Rodriguez stated to the court that he was fully satisfied with the representation by his attorney. Further, as the Government aptly points out in its Motion to Dismiss, Movant's counsel did move for a downward departure based on U.S.S.G. § 5K2.11 ("Lesser Harms"), which the court granted. *See* Sentencing Transcript at 11, ln. 13.

Lopez-Rodriguez's allegations are conclusory and unsupported by the record, and therefore cannot support habeas relief. *See Ross. v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)(per curiam). A movant may not satisfy the *Strickland* standard with mere speculation and conjecture. *Bradford v. Whitley,* 953 F.2d 1008, 1012 (5th Cir. 1992). Accordingly, he shows neither attorney error nor prejudice and his claim cannot succeed on this ground.

### *III. Movant's argument that the Sentencing Commission failed to comply with its statutory obligation is not a cognizable claim in a § 2255 motion.*

Generally, four cognizable grounds allow a federal prisoner to move to vacate, set aside or correct a sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. *United States v. Placente*, 81 F. 3d 555, 558 (5th Cir. 1996). "[A] collateral challenge may not do service for an appeal." *United States v. Frady,* 456 U.S. 152, 165 (1982).

Lopez-Rodriguez argues that the Sentencing Commission ran afoul of its statutory authority by enacting § 5K3.1, which leaves to the Attorney General and the United States Attorney for the district in which a court resides the decision of whether to authorize an early disposition program. *See* U.S.S.G. § 5K3.1*.* He claims that he deserved a fast-track reduction, and that his sentence is "unreasonable" as a result of the sentencing court's failure to grant such a reduction. However, his claim is essentially a claim that the sentencing guidelines were misapplied, and is therefore not cognizable in the present § 2255 motion.

An alleged error in the application of the Sentencing Guidelines does not give rise to a cognizable habeas claim. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (*citing United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)); *United States v. Payne*, 99 F.3d 1273, 1281–82 (5th Cir. 1996)*.* Accordingly, Lopez-Rodriguez cannot succeed on this ground.

### *IV. Movant's status as a deportable alien does not qualify him for relief from his sentence.*

Construing the present motion liberally, Lopez-Rodriguez attacks his sentence on the grounds that his status as a deportable alien qualifies him for a sentence distinct from a natural-born American, and that he deserved a non-Guidelines sentence or a downward departure based on the repercussions of his status as a deportable alien. This allegation proves unavailing.

The Fifth Circuit has recognized that an alleged error in the technical application of the Sentencing Guidelines does not give rise to a cognizable habeas claim. *United States v. Cervantes*, 132 F.3d at 1109; *United States v. Payne*, 99 F.3d at 1281–82. Further, even if it were a cognizable claim, Movant's argument that the Sentencing Guidelines were misapplied by not taking into account his status as a deportable alien as a mitigating factor fails. Lopez-Rodriguez's status as a deportable alien had necessarily been taken into account by the Sentencing Commission in establishing the offense level for the crime of alien unlawfully found in the United States after deportation. *See United States v. Garay*, 235 F.3d 230, 234 (5th Cir. 2000) (holding that a 1326 defendant's status as a deportable alien is not an aggravating or mitigating circumstance not adequately taken into consideration by the Commission, and therefore is not a permissible basis for downward departure). Therefore, Lopez-Rodriguez' complaint against his sentence fails.

## CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a movant may not appeal to the Fifth Circuit from a habeas corpus petition. 28 U.S.C. § 2253(c)(1). A movant may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). To satisfy this standard, a movant must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El,* 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Moreno v. Dretke,* 450 F.3d 158, 163 (5th Cir. 2006).

Although Movant has not yet filed a notice of appeal, this Court may *sua sponte* rule on a COA because the district court that denies relief to a movant is in the best position to determine whether the movant has made a substantial showing of a denial of a constitutional right on the issues before the court. To further brief and argue the very issues on which the court has just ruled would be repetitious. *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000).

After reviewing Lopez-Rodriguez's habeas claims the Court is confident that no outstanding issue would be debatable among jurists of reason. The Court found that Movant is procedurally barred from raising claims on collateral attack, that his ineffective assistance of counsel claims are unavailing, that he makes claims not cognizable in a § 2255 petition, and that his alienage claim is without merit. In the context of a COA, the Court finds that Movant's claims fail to show that reasonable jurists would find that the issues presented are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484. Although Lopez-Rodriguez's petition raises important issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, a COA should be denied. *Slack*, 529 U.S. at 484.

## RECOMMENDATION

A thorough review of all the files, records, transcripts and correspondence relating to the judgment being challenged conclusively shows that Movant is not entitled to the relief sought. Accordingly, this Court RECOMMENDS that the relief sought in Lopez-Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED and that the Government's Motion to Dismiss be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 19th day of February 2008.

_____
Felix Recio
United States Magistrate Judge